IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| RICKY SUMPTER and LAURIE SUMPTER, | * * * | JUL 17 2026 |
| Plaintiffs, | * * | FILED |
| v. | * * | CV 125-123 |
| STATE FARM FIRE AND CASUALTY COMPANY, | * * * | |
| Defendant. | * | |

**O R D E R**

Before the Court is Defendant State Farm Fire and Casualty Company's motion for partial judgment on the pleadings. (Doc. 25.) For the following reasons, Defendant's motion is **DENIED IN PART and GRANTED IN PART.**

**I. BACKGROUND**

Plaintiffs have lived at 364 Canterbury Drive, Evans, Georgia 30809 (the "Property") since 2018 and held a Home Insurance Policy on the Property issued by Defendant, Policy Number 81-GX-F175-8 (the "Policy"), for several years. (Doc. 1-3, at 4.) On April 21, 2023, Plaintiffs allege an electrical fire occurred in the kitchen and spread to other areas of the Property. (Id.) In addition to the fire damage, smoke from the fire spread to the

upstairs rooms and left soot damage to the Property and many personal belongings. (Id.)

Plaintiffs allege their Policy provided coverage in April 2023, they notified Defendant of the fire, and Defendant originated Claim Number 11-48S6-81K. (Id.) Plaintiffs further state that ServePro, Defendant's preferred vendor, took large amounts of items out of the house for cleaning, and Defendant's representatives told them to discard personal property that was not subject to remedial cleaning because such items would be replaced. (Id. at 5.) However, Plaintiffs ultimately terminated ServePro because their personal property remained with ServePro for over eighteen months, and Defendant has not paid for the replacement of any of Plaintiffs' non-salvageable items. (Id.)

Defendant "continued to refuse to pay the actual amount needed to pack out the remaining personal property" and otherwise failed to address their coverage needs until they hired an attorney and sent their first bad faith demand letter in May 2024 ("May 2024 Demand"). (Id.) However, Defendant "paid an amount to which it thought was reasonable to have the items remaining in the [Property] removed and cleaned," and did not pay for replacement or the cash value of items damaged beyond repair. (Id. at 5-6.) In April 2025, Plaintiffs sent another bad faith demand letter ("April 2025 Demand") "with additional personal property items previously held by ServePro that are either non-salvageable as a

2

direct result of the casualty or non-salvageable after an attempt to clean." (Id. at 6.)

Plaintiffs filed this lawsuit on April 18, 2025, in the Superior Court of Columbia County, Georgia, asserting a claim for breach of contract as well as a claim for bad faith penalties under O.C.G.A. § 33-4-6 and for attorneys' fees under O.C.G.A. § 13-6-11. (Doc. 1-3, at 6-7.) Plaintiffs request the following relief: (1) actual and compensatory damages; (2) damages proximately caused by Defendant's breach of contract; (3) statutory damages and attorneys' fees pursuant to O.C.G.A. § 33-4-6(a); (4) reasonable attorneys' fees and expenses; and (5) pre-judgment interest. (Id. at 7-8.) On May 30, 2025, Defendant timely removed this action. (Doc. 1, at 1-2.) On November 13, 2025, Defendant filed a motion for partial judgment on the pleadings. (Doc. 25.) Plaintiffs responded and Defendant replied. (Docs. 29, 32.)

## II. LEGAL STANDARD

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Att'y's Off. for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir.

3

2010) (citation omitted). "The legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same." Marshall v. Safeco Ins. Co. of Ind., No. CV 112-113, 2013 WL 12155468, at *1 (S.D. Ga. Apr. 16, 2013) (citing Roma Outdoor Creations, Inc. v. City of Cumming, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008)). Therefore, when considering a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading[] and . . . view those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted). Moreover,

> while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.

Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (citation and quotations omitted).


## III. DISCUSSION

The Court first addresses Defendant's motion as to Plaintiffs' O.C.G.A. § 33-4-6 claim, then as to Plaintiffs' claim under O.C.G.A. § 13-6-11. Defendant does not move to dismiss Plaintiffs' breach of contract claim. (Doc. 25, at 2.)

4

## A. O.C.G.A. § 33-4-6 Claim

Defendant argues Plaintiffs' O.C.G.A. § 33-4-6 claims for bad faith penalties should be dismissed because: (1) "Plaintiffs' initial May 2024 Demand is improper as it was not made at a time when the claim was 'due and payable'" under the Policy and Georgia law; and (2) Plaintiffs' April 2025 Demand does not satisfy the procedural requirements of O.C.G.A. § 33-4-6 because Plaintiffs filed suit before the mandatory sixty-day waiting period required by the statute had passed. (Doc. 25-1, at 5, 7.)

Plaintiffs argue the May 2024 Demand was "due and owing" when it was sent because they demanded Defendant pay to complete "a pack-out of the home to remove the personal property not taken by ServePro," which Defendant had already partially paid for. (Doc. 29, at 2.) Additionally, they argue the April 2025 Demand addressed a separate refusal to pay and was not a supplement to the May 2024 Demand. (Id. at 3.) Further, Plaintiffs argue although the April 2025 Demand was not sent sixty days prior to filing suit, the bad faith claim "otherwise has ripened based on an initial demand to which the 60-days has expired" and it could not be sent earlier because Plaintiffs were unable to inventory their personal property until a lawsuit involving ServePro resolved in March 2025. (Id. at 3-4.)

O.C.G.A. § 33-4-6(a) provides:

5

> In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

Georgia courts have outlined that claims for bad faith under O.C.G.A. § 33-4-6 require the insured prove:

> (1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith. Since the statute imposes a penalty, its requirements are strictly construed. Consequently, a proper demand for payment is essential to recovery.

Lavoi Corp. v. Nat'l Fire Ins. of Hartford, 666 S.E.2d 387, 391 (Ga. Ct. App. 2008) (citations omitted).[1] For the pre-suit demand "[t]o be proper, 'the demand must be made at a time when immediate payment is due. An insured cannot legally demand immediate payment if the insurer has additional time left under the terms of the insurance policy in which to investigate or adjust the loss.'" Villa Sonoma at Perimeter Summit Condo. Ass'n, Inc. v. Com. Indus. Bldg. Owners All., Inc., 824 S.E.2d 738, 743 (Ga. Ct. App. 2019) (citation omitted). "If the investigation or adjustment of the claim is ongoing, consistent with the policy terms, the insurer is

---

[1] While the Court in Lavoi stated a demand must come within 60 days prior to filing suit, the 60-day requirement has been interpreted to mean that the insured must make a demand for payment under the policy more than 60 days before filing suit. See Villa Sonoma, 824 S.E.2d at 743.

6

not yet in a position to conclude that the insured had a right to the amount claimed in the demand." Id. (citation omitted). Further, under Georgia law, "[t]he penalties contained in [O.C.G.A.] § 33-4-6 are the exclusive remedies for an insurer's bad faith refusal to pay insurance proceeds." Howell v. S. Heritage Ins., 448 S.E.2d 275, 276 (Ga. Ct. App. 1994) (citation omitted).

### 1. May 2024 Demand

The Court finds it cannot grant Defendant's motion as to Plaintiffs' bad faith claim under O.C.G.A. § 33-4-6 based on the May 2024 Demand letter. An issue of material fact exists as to whether the demand was proper, meaning it was due and payable, at the time the demand was sent to Defendant, and whether Defendant acted in bad faith in its refusal to pay. See Villa Sonoma, 824 S.E.2d at 743; Lavoi, 666 S.E.2d at 391. Defendant argues the May 2024 Demand was not due and payable when it was submitted because Plaintiffs included "new and additional information and documentation" as part of their April 2025 Demand, including a March 24, 2025 personal property inventory list, such that Plaintiffs did not provide "critical and material information regarding their claim to [Defendant] until approximately March 2025." (Doc. 25-1, at 11-12.) And as a result, Defendant argues, the April 2025 Demand invalidated the May 2024 Demand because Plaintiffs did not comply with the conditions of their Policy to

7

provide critical inventory information for the claim at the time the May 2024 Demand was sent.  (Id. at 12-13.)

However, Plaintiffs argue the demands are "two distinct refusals to pay: one concerning completion of pack-out work at the home, and another concerning personal property losses identified only after inventory of items released from ServePro's warehouse." (Doc. 29, at 3.)  The Court finds the complaint alleges the demands were made for different claims.  (Doc. 1-3, at 5-6.)  This leaves open the question of whether the May 2024 Demand was due and payable, which turns on details outside of the pleadings such as Defendant's May 2024 Demand investigation as well as the information Plaintiffs originally provided about ServePro's pack-out process and the handling of their personal property.

Additionally, neither Party disputes that the claim for pack-out services was covered under the Policy or that the May 2024 Demand was made more than sixty days before filing suit.  The complaint alleges Defendant acted in bad faith to pay the amount outlined in Plaintiffs' May 2024 Demand.  (Id. at 7.)  Whether an insurer's refusal to pay was in bad faith "is for the jury unless it can be said that as a matter of law there was a reasonable defense which vindicates the insurer's good faith."  St. Paul Fire & Marine Ins. Co. v. Snitzer, 358 S.E.2d 925, 927 (Ga. Ct. App. 1987) (citation omitted).  At this stage, the Court finds there is an issue of material fact as to Defendant's alleged bad faith.

8

Therefore, the Defendant's motion is **DENIED** as to the May 2024 Demand bad faith claim.

2. April 2025 Demand

The Court finds Plaintiffs' April 2025 Demand was procedurally improper because this action was filed on April 18, 2025, only four days after the demand was sent on April 14, 2025. (Doc. 1-2, at 72; Doc. 1-3, at 3.)  Georgia law requires at least sixty days to pass from the date of a demand before filing suit. Blue Cross & Blue Shield of Georgia/Atlanta, Inc. v. Merrell, 316 S.E.2d 548, 548-49 (Ga. Ct. App. 1984) (citation omitted) ("[A] failure to wait at least [sixty] days between making demand and filing suit constitutes an absolute bar to recovery of a bad-faith penalty and attorney fees under this statute.").

The pleadings indicate the instant lawsuit was filed before the sixty-day minimum statutory period on the April 2025 Demand expired, directly contradicting a required element for a bad faith claim under O.C.G.A. § 33-4-6.   Lavoi, 666 S.E.2d at 391. Plaintiffs state they have not asserted a claim for bad faith based on the April 2025 Demand, but argue they can rely upon the second demand "in a bad faith claim that has otherwise ripened," i.e., a claim based on the May 2024 Demand.  (Doc. 29, at 3-4.)  Plaintiffs do not provide caselaw, from the state of Georgia or otherwise, to support their argument.  Plaintiffs also contend that the April 2025 Demand focuses on payment related to losses of personal

9

property taken by ServePro rather than the May 2024 Demand which requests funds to complete a "pack-out" of the Property after the fire.  (Id. at 3.)  As stated above, the Court finds it has been alleged that the two demands pertain to separate requests such that the April 2025 Demand may not supplement the May 2024 Demand. (Doc. 1-2, at 66-74; Doc. 1-3, at 5-6.)

Because the pleadings show that one element of Plaintiffs' claim is not met, the Court finds there is no issue of material fact as to whether this suit was filed before the April 2025 Demand's sixty-day statutory period expired.  To the extent that Plaintiffs assert a bad faith claim under O.C.G.A. § 33-4-6 as to the April 2025 Demand, Defendant is entitled to judgment as a matter of law based on the pleadings, and Defendant's motion is **GRANTED** as to any bad faith claim based on the April 2025 Demand.

## B. O.C.G.A. § 13-6-11 Claim

Next, Defendant argues that Plaintiffs' claim for attorneys' fees under O.C.G.A. § 13-6-11 should be dismissed because "O.C.G.A. § 33-4-6 is the exclusive remedy available to a plaintiff for the recovery of extra-contractual damages based on the plaintiff's insurer's alleged failure to pay a claim."  (Doc. 25-1, at 5.)  Plaintiffs do not address Defendant's argument in their response.  (See Doc. 29.)

"O.C.G.A. § 13-6-11 'permits a jury to award attorney fees [and other litigation expenses] where the defendant has acted in

bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense.'" Koncul Enters., Inc. v. Nationscredit Fin. Servs. Corp., No. 400CV141, 2001 WL 34052996, at *7 (S.D. Ga. Aug. 13, 2001) (alteration in original) (quoting Physician Specialists in Anesthesia, P.C. v. MacNeill, 539 S.E.2d 216, 224 (Ga. Ct. App. 2000)). To recover such fees and expenses, the plaintiff "must 'prove the actual costs incurred and the reasonableness of those costs.'" Id. at *8 (quoting Davis v. S. Exposition Mgmt. Co., 503 S.E.2d 649, 652 (Ga. Ct. App. 1998)).

As discussed above, O.C.G.A. § 33-4-6 provides the exclusive remedy for extra-contractual damages in connection with a first-party insurance claim in Georgia. See Howell, 448 S.E.2d at 276; see also Adams v. Unum Life Ins. Co. of Am., 508 F. Supp. 2d 1302, 1319 (N.D. Ga. 2007) ("Georgia case law . . . clearly establishes that O.C.G.A. § 33-4-6 is the exclusive remedy for an insurer's bad faith refusal to pay insurance proceeds, and that claims for attorney's fees and litigation expenses under other Georgia statutes are not authorized."). As such, Plaintiffs may only seek relief under O.C.G.A. § 33-4-6 for Defendant's alleged bad faith refusal to pay, and Defendant is entitled to judgment as a matter of law based on this claim. Cunningham, 592 F.3d at 1255. As a result, Defendant's motion is **GRANTED** as to Plaintiffs' claim for attorneys' fees under O.C.G.A. § 13-6-11.

11

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion for partial judgment on the pleadings (Doc. 25) is **DENIED IN PART and GRANTED IN PART**.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of July, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

12